IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ORBAIN OWENS )
 )
    v. ) NO. 3:03-0893
 )
GEORGE KEELING, et al. )

TO: Honorable Todd J. Campbell, Chief Judge

# REPORT AND RECOMMENDATION

By order entered October 4, 2006 (Docket Entry No. 17), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 28) filed on behalf of defendants George Keeling, Kirk Sarago, Charles Traughber, and the Tennessee Board of Probation and Parole. The plaintiff has filed a response in opposition to the motion (Docket Entry No. 32-33).[1]

For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.

---

[1] The plaintiff filed a "Motion to Dismiss or for Summary Judgment against Defendants' Motions," which the Court has considered as the plaintiff's response to the defendants' motions.

## I. BACKGROUND

The plaintiff, an inmate of the Tennessee Department of Correction ("TDOC"), filed this action pro se and in forma pauperis on September 25, 2003. He brings his action under 42 U.S.C. § 1983 against the following defendants: 1) George Keeling, Classification Coordinator at the Middle Tennessee Correctional Complex ("MTCC"); 2) Charles Szostecki, Classification Coordinator at the MTCC-Annex ("MTCX"); 3) Joel Leegon, Administrative Lieutenant at MTCX; 4) Jane Doe Weston, Correctional Counselor at MTCX; 5) John Doe Sarago, Inmate Relations Coordinator at MTCX; 6) Charles Traughber, Chairman of the Tennessee Board of Probation and Parole ("TBOPP"); and 7) the TBOPP. The plaintiff sues the defendants in both their individual and official capacities seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

In 1985, the plaintiff was convicted of second degree murder and sentenced to 40 years imprisonment in the TDOC. In 2000, the TBOPP declined to grant him parole release, scheduled another review in 2002, and recommended that he be involved in counseling regarding the offense. See Complaint and Attachments.

The plaintiff alleges that no action occurred with respect to the recommendation for counseling until September 2002, when he was informed that a counseling program was not available at the MTCX, where he was being housed, and that he was going to be reclassified and transferred to the West Tennessee High Security Prison ("WTHSP"). The plaintiff objected to this transfer and refused to sign the reclassification form because he was unsure about the program offered at WTHSP, he had an incompatible inmate at WTHSP, and he would lose his job and trustee status if transferred. The plaintiff immediately appealed the reclassification, sent complaint letters

to prison officials, and filed a grievance, but his appeal of the decision was denied. He was ultimately transferred not to the WTHSP, but to the Northwest Correctional Complex ("NCC") on September 25, 2002. Id.

In December 2002, the TBOPP denied his request for parole release, set him for another hearing in 2004, and recommended that he "continue program and work through current counseling." Id. The plaintiff's appeal of the TBOPP's decision was denied. Id. The plaintiff participated in some type of counseling program while at NCC. He also made numerous requests to be transferred back to the MTCC but his requests were denied. Id.

Although the plaintiff did not file a formal notice of change of address, the record in the action indicates that by at least July 7, 2004, he had been transferred from the NCC to the Charles Bass Correctional Center.[2] See Docket Entry No. 11.

Based upon these events, the plaintiff alleges that the defendants retaliated against him for his exercise of his rights to free speech, violated his right to due process, to equal protection of the laws, and to be free from cruel and unusual punishment in violation of the United States Constitution. The plaintiff also asserts claims for negligence and breach of contract.

By order entered October 8, 2003 (Docket Entry No. 3), the action was dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Sixth Circuit Court of Appeals reversed the dismissal of the case in October 2006, and the action was reopened. See Docket Entry No. 15; Owens v. Keeling, 461 F.3d 763 (6th Cir. 2006).

---

[2] The MTCC was renamed the Charles Bass Correctional Center.

By Order entered November 20, 2006 (Docket Entry No. 20), process was ordered to issue on the plaintiff's complaint.[3] The record shows that process was returned unexecuted for defendants Jane Doe Weston, Charles Szostecki, and Joel Leegon. See Docket Entry No. 22, 25, and 26. In lieu of an answer, the remaining defendants have filed the pending motion to dismiss.

## II. MOTION TO DISMISS

By their motion to dismiss, the defendants contend that they are immune from money damages under the Eleventh Amendment to the extent that they are sued in their official capacities. They also contend that the plaintiff's allegations fail to support a claim that his constitutional rights were violated.

## III. STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). In evaluating the plaintiff's complaint, the Court must accept as true all of the Plaintiff's allegations and resolve all doubts in the Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). Nonetheless, a complaint must contain either direct or inferential allegations respecting all of the

---

[3] The Court's dismissal of the action in 2003 occurred sua sponte and prior to the issuance of process in the action.

4

material elements of a claim to sustain a recovery under some viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

In evaluating the motion to dismiss, the Court may consider not only the allegations of the complaint, but also the content of documents attached to and referenced in the complaint. See Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997).

## IV. CONCLUSIONS

A. Eleventh Amendment Immunity

It is well established that the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages under 42 U.S.C. § 1983. Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998). Neither a State nor its officials acting in their official capacities are "persons" under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992). Therefore, all claims for damages against the TBOPP and against Defendants Keeling, Sarago, and Traughber in their official capacities should be dismissed.

B. Prison Reclassification, Transfer, and Due Process

Any type of Fourteenth Amendment claim based upon the plaintiff's loss of a prison job, transfer between prisons, security reclassification, or requirement that he participate in a counseling or mental health program prior to being considered for release on parole should be dismissed for failure to state a claim upon which relief can be granted.

5

The Fourteenth Amendment's Due Process protections are implicated only if the plaintiff shows that he has suffered an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995).

It is by now well-settled that prison inmates do not have a constitutionally protected right or liberty interest in a prison job, Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989), housing within a particular prison, Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Ward v. Dyke, 58 F.3d 271 (6th Cir. 1995), or an internal prison security classification. Shields v. Campbell, 208 F.3d 215, 2000 WL 125892 (6th Cir. 2000) (unpublished table decision); Dominque v. Weld, 73 F.3d 1156, 1160 (6th Cir. 1996); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986); Rienholtz v. Campbell, 64 F. Supp. 2d 721 (W. D.Tenn. 1999). Furthermore, the Constitution does not create a fundamental right to parole release, Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and Tennessee law and regulations do not create a liberty interst in release on parole. Wright v. Trammell, 810 F.2d 589, 591 (6th Cir. 1987).

Accordingly, no particular process was due the plaintiff upon the decision of prison officials to reclassify and transfer him between TDOC prisons, to require him to participate in a counseling program as a condition of parole consideration, or upon his loss of a prison job. The plaintiff's subjective belief that he was treated unfairly simply fails to implicate constitutional concerns.

In his response in opposition to the motion to dismiss, the plaintiff asserts that his complaint against the defendants is grounded in their alleged failure to follow state laws, TDOC policies and

6

procedures, and TBOPP policies and procedures. See Plaintiff's Memorandum (Docket Entry No. 33) at 2-3. However, a claim under Section 1983 is not supported by allegations that TDOC or TBOPP regulations or rules, or even state laws, were not followed. See Black v. Parke, 4 F.3d 442, 447 (6th Cir. 1993). Procedural requirements alone do not create a substantive liberty interest, and the mere violation of such procedures is not a constitutional violation. Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Harrill v. Blount County, TN., 55 F.3d 1123, 1125 (6th Cir. 1995) (state law cannot create a federal constitutional right).

C. Retaliation

The plaintiff alleges that the decision to reclassify and transfer him was a form of retaliation against him because he was a member of the inmate council at the MTCX.

To support a prima facie case of retaliation for the exercise of First Amendment rights, the plaintiff must allege and show that: 1) he engaged in protected conduct; 2) a sufficiently serious adverse prison action was taken against him that would deter a person of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

Even if the Court were to assume that the plaintiff had engaged in protected activity, the plaintiff's only allegation of an adverse prison action is the allegation that he was transferred. The mere fact that the plaintiff was transferred to another prison is not, by itself, sufficient to satisfy this element of his claim. See King v. Zamiara, 150 Fed.Appx. 485, 2005 WL 2496478 (6th Cir. Oct. 7,

7

2005) (unpublished decision); Friedmann v. Corr. Corp. of Am., 11 Fed.Appx. 467, 2001 WL 467990 (6th Cir. Apr. 26, 2001) (unpublished decision); Thaddeus-X, 175 F.3d at 394.

Further, there are no allegations in the complaint supporting even an inference that a causal connection existed between the plaintiff's reclassification and transfer and his work as a member of the inmate council. The plaintiff's claim of retaliation is based upon pure speculation and is conclusory. Such allegations will not support a claim under Section 1983. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985). Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, a complaint cannot rest on bare assertions of legal conclusions or personal opinions. The Court cannot conjure up unpled facts to support conclusory allegations. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

D. Equal Protection

The plaintiff's claim that his equal protection rights were violated should be dismissed for failure to state a claim upon which relief can be granted.

Although the purpose of the Equal Protection Clause of the Fourteenth Amendment is to prevent official conduct discriminating on the basis of membership in a suspect class, see Washington v. Davis, 426 U.S. 229, 239, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the Equal Protection Clause does not require the exact same treatment of all persons nor prevent government officials from exercising discretionary authority.

A prison inmate cannot support a claim that his equal protection rights were violated simply by showing that other inmates were treated differently. See Morrison v. Garraghty, 239 F.3d 648,

8

654 (4th Cir. 2001); Newell v. Brown, 981 F.2d 880, 887 (6th Cir. 1992). It is incumbent upon a prisoner asserting an equal protection claim to prove the existence of some purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir. 1995) (per curiam). A plaintiff must establish that a government official intentionally discriminated against him because of his membership in a protected class or because of some other unreasonable classification. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir. 1990); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir. 1986). The plaintiff simply fails to allege any facts in his complaint which, even if taken as true, show that an equal protection violation occurred.[4]

E. Cruel and Unusual Punishment

The Eighth Amendment prohibits punishment that violates civilized standards of humanity and decency, or involves the unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The injury inflicted must be serious, Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995, 117 L.Ed.2d

---

[4] Although the plaintiff states in his response in opposition to the motion to dismiss that the Equal Protection Clause protects inmates from racial discrimination, see Docket Entry No. 33 at 5, his complaint is devoid of any factual allegations that he personally was subjected to racial discrimination.

9

156 (1992), and the defendant must have acted with deliberate indifference to the inmate's health or safety. Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991).

The plaintiff fails to allege any facts which would support a viable Eighth Amendment claim. The transfer of an inmate between prisons does not constitute cruel and unusual punishment. Further, although the plaintiff alleges that there was an incompatible inmate at the WTHSP where he was initially told he was being transferred, there are no allegations in the complaint that the plaintiff was ever actually transferred to the WTHSP or suffered any kind of injury which would implicate Eighth Amendment concerns. This claim warrants dismissal for failure to state a claim upon which relief can be granted.

F. Negligence and Breach of Contract

The plaintiff asserts claims of negligence in his complaint. Such claims warrant dismissal for failure to state a claim upon which relief can be granted. Negligence is not a basis for a claim under 42 U.S.C. § 1983. Estelle, 429 U.S. at 105-06; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

Similarly, the plaintiff fails to state a claim upon which relief can be granted by his assertion of a claim of breach of contract. While the exact nature of this claim is unclear, see Complaint 10-11, such a claim does not involve any constitutional right and fails to assert a viable claim for relief under Section 1983.

G. Defendants Jane Doe Weston, Charles Szostecki, and Joel Leegon

Process was returned unexecuted for these three defendants and an entry of appearance has not been made on their behalf by any attorney. Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendants be served with process within 120 days of the date the action was filed or, in this case, 120 days after the Order was entered on November 20, 2006, requiring that process be issued to the defendants in this action. Rule 4(m) provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice.

H. The Plaintiff's Request for Summary Judgment

In his response in opposition to the defendant's motions, the plaintiff states that he seeks summary judgment in his favor on all issues. See Docket Entry No. 32 at 1.

For the reasons set out above, the plaintiff's claims all warrant dismissal based upon the allegations of his complaint and summary judgment in his favor should be denied.

**R E C O M M E N D A T I O N**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 28) filed on behalf of defendants George Keeling, Kirk Sarago, Charles Traughber, and the Tennessee Board of Probation and Parole be GRANTED and these defendants be DISMISSED as to all claims;

2) Defendants Jane Doe Weston, Charles Szostecki, and Joel Leegon be DISMISSED under Rule 4(m) of the Federal Rules of Civil Procedure for failure to be served;

3) the plaintiff's motion for summary judgment (Docket Entry No. 32) be DENIED; and

4) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge